## McNALLY v. SHOBE *et al.*

1. Instructions: ERROR WITHOUT PREJUDICE. A judgment of the District Court will not be disturbed on account of an instruction to the jury claimed to be erroneous, when the judgment is more favorable to the party complaining than a fair construction of the evidence justifies.

2. Damages: INTEREST ON. Interest is a common and legitimate element of damages, and in the absence of proof to the contrary it will be presumed, in an action for the purchase-money of certain lands upon which interest was computed by the jury from the date of purchase, that interest was also allowed by them on a counter claim for damages resulting to defendant by reason of the fraudulent representations of plaintiff relative to the quality and location of the lands.

*Appeal from Muscatine District Court.*

TUESDAY, APRIL 9.

MORTGAGE FORECLOSURE.—Defendants bought the lands, covered by the mortgage of plaintiff, and made such mort-

gage to secure the purchase-money. Some two-thirds of this was paid; and defendants to this action, set up, that plaintiff, at the time of the sale, misrepresented the location and quality of the land, whereby they were defrauded, etc.; that they have more than paid for the lands at their real value, wherefore they ask judgment, etc.: *verdict for plaintiff*; new trial refused; judgment accordingly, and defendants appeal.

*Cloud & Broomhall* for the appellant.

*Thos. Hanna* for the appellee.

WRIGHT, J.—The court below, after stating the law upon the subject of false representations, and the proof necessary to entitle the defendants to recover

1. INSTRUCTIONS:
error without
prejudice.

upon their counter claim, instructed the jury, in the same connection, that, "if you find that defendant is entitled to any damages you will first ascertain the sum due plaintiff by the contract, which will be the amount of the note and interest to this time, and then ascertain the amount of damages defendants are entitled to, and the difference between the sums so found will be the amount of your verdict, one way or the other."

It is claimed that the jury were misled by this instruction; that they allowed interest on the note; that, though they found the fraud charged and agreed upon the amount of damages, they failed to compute it as of the date of the sale, and to allow interest thereon. And in support of the motion for a new trial, based upon this ground, an affidavit, signed by five of the jurors, is found in the record. This, in connection with the objection that the finding was against the evidence, is all there is of this appeal.

Defendants were allowed by the jury some $2,150 as

damages, according to this affidavit, and plaintiff still recovered over three thousand dollars. Of this verdict and judgment defendants ought not to complain, for two reasons:

1. The damages allowed were greater than a fair construction of the evidence justified. There was nothing reasonably warranting the conclusion that plaintiff made the misrepresentations charged, nor that they were relied upon by defendants. If made and relied upon, however, the testimony is clear to the point that after defendants had examined the land and knew all about it, they had an accounting with plaintiff, giving the note now in suit. *Oaks* v. *Hamm*, 21 Iowa, and cases there cited. Not only so, but they at one time confessed judgment in Ohio for the whole amount of plaintiff's claim, which, as far as it appears, they never attempted to set aside.

2. The instruction complained of might have been more specific; but, brief and general as it is, it contains nothing wrong in principle. If the jury found the difference between the value of the land as it was, and as it should have been according to the representations, then we admit that this should have been allowed against plaintiff as of the date of the contract, exhausting to that amount the whole consideration agreed upon for the land. And for aught that appears by the affidavit of these jurors, this was just what was done. It is not stated how they arrived at the amount; whether interest was or was not allowed on the counter claim; but that they agreed to allow so much " as damages by reason of the fraud in the sale." We are bound to presume that they took into consideration all proper elements in computing this amount. Interest is common and legitimate as a component part of damages; and, in the absence of proof to the contrary, we can only conclude that it was allowed in this instance.

*2. Damages: interest on.*

The judgment below is therefore affirmed. No objections were made to the affidavit of the jurors to impeach or avoid the verdict. We have not, therefore, inquired into its admissibility.

Affirmed.